UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| SCOTT CHARLES SEEHAUSEN, ) <br> ) <br> Petitioner, ) <br> ) <br> vs. ) <br> ) <br> ELVIN VALENZUELA, Warden, ) <br> ) <br> Respondent. ) <br> _____ ) | CASE NO. CV 13-3582 GW (RZ) <br><br> ORDER TO SHOW CAUSE <br> RE TIMELINESS |

        The Court issues this Order To Show Cause directed to Petitioner because it believes this action may be time-barred.

        In 1996, Congress enacted the Antiterrorism and Effective Death Penalty Act (AEDPA), a portion of which established a one-year statute of limitations for bringing a habeas corpus petition in federal court. 28 U.S.C. § 2244(d). In most cases, the limitations period commences on the date a petitioner's conviction became final. *See* 28 U.S.C. § 2244(d)(1). The limitations period will start instead on one of the following dates, whichever is latest, if any of them falls after the petitioner's conviction becomes final: the date on which a State-created impediment – itself a violation of Constitutional law – was removed; the date on which a newly-recognized Constitutional right was established; or the date on which the factual predicate for the claims could have been discovered through the exercise of due diligence. 28 U.S.C. § 2244(d)(1).

The time spent in state court pursuing collateral relief in a timely manner is excluded, *see* 28 U.S.C. § 2244(d)(2), and the statute also is subject to equitable tolling. *Holland v. Florida*, 560 U.S. __, 130 S. Ct. 2549, 2562, 177 L. Ed. 2d 130 (2010).

The current petition was filed on May 20, 2012. From the face of the petition and from judicially-noticeable materials, the Court discerns as follows:

(a) In 2008, a Los Angeles County Superior Court jury convicted Petitioner of burglary and grand theft. He was sentenced to 17 years in prison. Pet. ¶ 2.

(b) The California Court of Appeal affirmed on June 1, 2009. Pet. ¶ 3.

(c) Petitioner states that he thereafter filed a petition for further direct review in the California Supreme Court. Pet. ¶ 4. But that court's records reflect that, although Scott Seehausen has commenced three cases there, the earliest of them, no. S190325, was a petition for a writ of mandate or prohibition, not a Petition for Review. Petitioner did not commence his Supreme Court mandamus proceeding until February 2, 2011, long after California's 40-day deadline for petitioning for further direct review. *See* CAL. R. CT., Rules 8.500(e)(1) (10 day deadline to file petition for review after California Court of Appeal decision is final) and 8.366(b)(1) (Court of Appeal decision becomes final 30 days after filing). Petitioner's conviction thus became final after that 40-day period ended, on July 12, 2009.

(d) Petitioner's one-year limitations period under the AEDPA ended one year later, in July of 2010. Indeed, over 18 months passed before Petitioner next took any action to challenge the legality of his confinement – at least, any action reflected in the searchable public records of this Court and the state trial, appellate and supreme courts. On February 2, 2011, Petitioner simultaneously filed petitions for writs of mandate and/or prohibition in both the California Court of Appeal, in case no. B231234, and the California Supreme Court, in case no. S190325. The state supreme court transferred the latter petition to the intermediate appellate court on February 25. The appellate court denied relief on March 18, 2011.

(e)     A few weeks later on April 11, 2011, Petitioner filed another petition for writ of mandate or prohibition in the California Supreme Court in case no. S192114. That court denied relief on May 18, 2011.

(f)     Over six months later, Petitioner filed his prior action in this Court, no. CV 11-10768 GW (RZ). Although he plainly wished to challenge the legality of his confinement, he refused to assert any basis for subject matter jurisdiction, such as habeas corpus, and insisted instead upon pleading an extinct common-law claim of "personal replevin." The Court dismissed that action without prejudice on June 17, 2012.

(g)     Seven and a half more months passed. Petitioner's final challenge, prior to this action, was a habeas petition filed in the California Supreme Court on February 4, 2013. That court denied relief on May 1, 2013, with citations indicating the court's view that the petition (1) was untimely; (2) included claims that could and should have been raised on direct review; and (3) failed to inform the court adequately of the facts underlying its claims.

* * * * *

Unless this Court has miscalculated the limitations period, or some form of additional tolling applies in sufficient measure, this action is time-barred. It became stale in mid-July of 2010, one year after Petitioner's conviction became final. Simply put, Petitioner waited far too long before he began seeking collateral relief in the state court and this Court. No basis appears in the petition for a later AEDPA-limitations-period starting date. Nor does the face of the petition disclose any basis for equitable tolling.

This Court may raise *sua sponte* the question of the statute of limitations bar, so long as it gives Petitioner an opportunity to be heard on the matter. *Herbst v. Cook*, 260 F.3d 1039 (9th Cir. 2001). Accordingly, Petitioner shall show cause in writing why this action should not be dismissed as being barred by the one-year statute of limitations. Petitioner shall file his response to the Court's Order to Show Cause not later than 21 days from the filing date of this Order. *Petitioner's response shall not exceed ten pages.*

If Petitioner does not file a response within the time allowed, the action may be dismissed for failure to timely file, and for failure to prosecute.

IT IS SO ORDERED.

DATED: May 29, 2013

_____
RALPH ZAREFSKY
UNITED STATES MAGISTRATE JUDGE